Colin M. Thompson, Esq.
Thompson Law Office, LLC
PMB 917, Box 10001
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Defendant*

F I L E D
Clerk
District Court

MAR - 3 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AMIN, MOHAMAD RUHUL. <br><br> Defendant. | CRIMINAL CASE NO. 08-00002 <br><br> NOTICE OF MOTION AND MOTION IN LIMINE <br><br> Date: March 7, 2008 <br> Time: 10:00 a.m. <br> Judge: Hon. Alex R. Munson |

## NOTICE

**PLEASE TAKE NOTE** that on **March 7, 2008** at **10:00 a.m.** or as soon thereafter as the Court shall hear this matter in the above title action.

## MOTION

The Federal Rule of Evidence establish that common law privileges are applicable in Federal Court. Fed.R.Ev.E.501 provides that: "Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, state or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the Courts of the United States in the light of reason and experiences…" Moving Party, Mohamad Ruhul Amin, is the

- 1 -

husband of Ms. Rose Reyes Amin. Rose Reyes Amin is the wife of Defendant, Md. Ruhul Amin and Defendant married Rose Reyes Amin on Saipan on May 9, 2007 [Indictment at Pg. 2 ¶ 9]. He is entitled to assert the confidential marital privilege.

> Federal courts recognize two distinct privileges arising out of the marital relationship. The first bars one spouse from testifying against the other. This privilege permits either spouse, upon objection, to exclude adverse testimony by the other. It is what remains of the old common law rule that a spouse was incompetent as a witness for or against the other spouse based on the legal fiction that husband and wife were one person. See *Hawkins v. United States,* 358 U.S. 74, 75-76, 79 S. Ct. 136, 3 L. Ed. 2d 125 (1958); *Bisno v. United States,* 299 F.2d 711, 721 (9 Cir.), cert. denied, 370 U.S. 952, 82 S. Ct. 1602, 8 L. Ed. 2d 818 (1962). This is often referred to as the "anti-marital facts" privilege. See, e.g., *United States v. Smith,* 553 F.2d 1077, 1079 (8 Cir. 1976). See generally C. Wright, 2 Federal Practice and Procedure § 405, at 83-86 (1969). *United States v. Lustig,* 555 F.2d 737, 747 (9th Cir., 1977)
>
> The other privilege protects confidential marital communications. It bars testimony concerning intra-spousal, confidential expressions arising from the marital relationship. See *Blau v. United States,* 340 U.S. 332, 333, 71 S. Ct. 301, 95 L. Ed. 306 (1951); [**21] *United States v. Harper,* 450 F.2d 1032, 1045 (5 Cir. 1971). Unlike the "anti-marital facts" privilege, this privilege survives the termination of the marriage. *Pereira v. United States,* 347 U.S. 1,6,74 S. Ct. 358, 98 L. Ed. 435 (1654); *United States v. Lewis,* 140 U.S. App. D.C. 40, 433 F.2d 1146, 1150 (1970). *United States v. Lustig,* 555 F.2d 737, 747 (9th Cir., 1977)
>
> The marital communication privilege protects statements privately communicated between spouses. *In re Grand Jury Investigation of Hugle,* 754 F.2d 863, 864 (9th Cir 1985). It may be asserted by either spouse. Id. Once the privilege is asserted, the communication is presumed to be confidential, and the government has the burden of demonstrating it is not confidential. *Blau v. United States,* 340 U.S. 332, 333 (1950); *United States v. Marashi,* 913 F.2d 724, 730 (9th Cir. 1990); *In re Grand Jury Investigation of Hipes,* 603 F.2d. 786, 788 (9th Cir. 1979). *United States v. Pakulsky,* 1992 U.S. App. LEXIS 867 (9th Cir., 1992)

//
//
//

Defendant believes that his wife Rose Reyes Amin testified before the Grand Jury and will again testify at trial. It is further believed that his wife's testimony will relate to confidential marital communications. Mr. Amin will assert any and all privileges that he has available to him to protect confidential marital communications. Because Mr. Amin has established that he is the husband of the witness, he asserts his right to evoke the marital privilege and respectfully requests an order prohibiting his wife from testifying about confidential marital communications.

Dated this 3rd day of March, 2008.

/s/ Colin M. Thompson
**COLIN M. THOMPSON, Esq.**
Attorney for Defendant