Colin M. Thompson, Esq.
Thompson Law Office, LLC
J.E. Tenorio Building
PMB 917, Box 10001
Saipan, Mariana Islands 96950
Telephone: (670)233-0777
Facsimile: (670) 233-0776

*Attorney for Defendant*

F I L E D
Clerk
District Court

MAR -5 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL CASE NO. 08-00002** |
| Plaintiff, | **EX-PARTE APPLICATION FOR GOVERNMENT FUNDED INVESTIGATOR** |
| v. | |
| AMIN, MOHAMAD RUHUL. | |
| Defendant. | |

**COMES NOW**, Defendant Md. Ruhul Amin by and through his counsel of record, Colin M. Thompson to move this Court for an Order providing for the indigent defendant a government-funded investigator.

## AUTHORITY

This application is based on a criminal defendant's right to effective assistance of counsel. Rule 44(a) of the Federal Rules of Criminal Procedure provides for the appointment of Counsel. "Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent that defendant at every stage of the proceeding…" FRC.P Rule 44(a). The Federal statute reflects the development of the right from its Constitutional sources.

> The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense."

In *Johnson v. Zerbst, 304 U.S. 458* (1938), Justice Black wrote that the right to assistance of counsel, "is necessary to insure fundamental human rights of life and liberty." In *Johnson*, the Court announced an absolute rule requiring appointment of counsel for criminal defendants who could not afford to retain a lawyer.

Later, the right to counsel was expanded. "[T]he right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson, 397 U.S. 749, 771 n.14 (1970).* The United States Supreme Court has indicated that appointment must be made in a manner that affords effective aid in the preparation and trial of the case. The government must not interfere with representation, either through the manner of appointment or through the imposition of restrictions upon retained counsel that would impede his ability fairly to provide a defense. From the above body of law, a procedure has evolved for the application for government-funded transcription, investigation and other services necessary for an adequate defense.

Under 18 U.S.C. 3006A (e), "Services Other Than Counsel. - (1) Upon Request. - **Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an Ex Parte Application**. Upon finding, after appropriate inquiry in an ex-parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize

counsel to obtain the services." Case law supports the application of the principles embodied in the statute. See *United States v. Fields,* 722 F.2d 549, 551 (9th Cir.1983), cert. denied, 466 U.S. 931, 104 S.Ct.1718 80 L.Ed.2d 189 (1984) See *United States v. Sims,* 617 F. 2d 1371, 1375 (9th Cir. 1980); *United States v. Sanders* 459 F. 2d 1001, 1002 (9th Cir. 1972).

Based on the evidence offered in the attached Declaration of Colin M. Thompson and the above-cited authority, defendant respectfully requests that this Court grant the instant application.

Executed this 4th day of March, 2008.

/s/
**COLIN M. THOMPSON**
Attorney At Law