```
Colin M. Thompson, Esq.
Thompson Law Office, LLC
J.E. Tenorio Building
PMB 917, Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-07766
```

*Attorney for Defendant*

FILED
Clerk
District Court

MAR - 5 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMIN, MOHAMAD RUHUL.<br><br>Defendant. | CRIMINAL CASE NO. 08-00002<br><br>DEFENDANT'S PROPOSED JURY INSTRUCTIONS<br><br>Date: March 10, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Alex R. Munson |

Defendant, Md. Ruhul Amin by and through his counsel of record, Colin M. Thompson, hereby submits his proposed jury instructions while reserving all rights to supplement this submission and to object to the Government's submitted jury instructions.

Executed this 5th day of March, 2008.

/s/
**COLIN M. THOMPSON**
Attorney At Law

- 1 -

## **INSTRUCTION (   )**

The question before you can never be; will the government win or lose the case. The government always wins when justice is done. Justice is achieved when you, the jury, return a unanimous verdict, regardless whether the verdict is guilty or not guilty.

**INSTRUCTION (   )**

**TESTIMONY OF WITNESS RECEIVING BENEFITS**

You have heard testimony from Rose Mayo Omar Reyes, a witness who has been charged and has entered into a plea agreement with the government in connection with this case.

In evaluating Rose Mayo Omar Reyes's testimony, you should consider the extent to which or whether his testimony may have been influenced by plea agreement with the government and his hope of receiving favored treatment. In addition, you should examine the witness's testimony with greater caution than that of other witnesses.

## **INSTRUCTION (   )**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

## INSTRUCTION (   )

A marriage contract between a non-citizen and a citizen of the CNMI is valid when the male is at least 18 years of age at the time of the contract and the female is at least sixteen years of age. Further, neither party may have a lawful living spouse, and a marriage ceremony must be conducted by an authorized person.. To obtain a marriage license, the couple is required to file an application with the Governor or a mayor setting forth each party's full name, age, citizenship, residence, occupation and whether previously married, as well as the manner of dissolution of any previous marriages. After obtaining a marriage license, the marriage ceremony between a non-citizen and a citizen must be performed in the CNMI by an authorized person and before two witnesses.

(See * CMC § 1201(a))

(See 8 CMC § 1201(b) and (c))

(See 8 CMC § 1202(b))

(See 8 CMC § 1203)

**INSTRUCTION (  )**

A false statement or representation is an assertion which is untrue when made or when used and which is known by the person making it or using it to be untrue.

Edward J. Devitt et al., Federal Jury Practice and Instructions § 37.11-12 (4th ed. 1990), amended to conform with the present state of law in the Fourth Circuit enumerating three elements which must be proven to establish a violation of 18 U.S.C. § 1001. See United States v. Arch Trading Co., 987 F.2d 1087, 1095 (4th Cir. 1993); United States v. Seay, 718 F.2d 1279, 1280 (4th Cir. 1983), cert. denied, 467 U.S. 1226 (1984).

# INSTRUCTION (   )

CO-CONSPIRATOR - PLEA AGREEMENT

You have heard evidence that Rose Maya Omar Reyes entered into plea agreements with the government. Their testimony was received in evidence and may be considered by you. You may give her testimony such weight as you think it deserves. Whether or not her testimony may have been influenced by their plea agreements is for you to determine.

Their guilty pleas cannot, however, be considered by you as evidence of this defendant's guilt. The guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the testimony of these witness.

Source: Manual of Model Criminal Jury Instructions, Eighth Circuit, No. 4.04 (1989) (modified). Court's instructions in United States v. John J. Johnson, No. CR-H-92-152 (S.D. Tex.).

## 8.110 PERJURY—TESTIMONY
## (18 U.S.C. § 1621)

The defendant is charged in [Count _____ of] the indictment with perjury in violation of Section 1621 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant testified under oath orally or in writing that [*false testimony*];

Second, the testimony was false;

Third, the false testimony was material to the matters before [*e.g.*, the grand jury]; and

Fourth, the defendant acted willfully, that is deliberately and with knowledge that the testimony was false.

[All of you must agree as to which statement was false.]

The testimony of one witness is not enough to support a finding that the testimony of [*defendant*] was false. There must be additional evidence—either the testimony of another person or other evidence—which tends to support the testimony of falsity. The other evidence, standing alone, need not convince you beyond a reasonable doubt that the testimony was false. But after considering all of the evidence on the subject, you must be convinced beyond a reasonable doubt that the testimony was false.

### Comment

The Committee believes that what is "a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered" for purposes of Section 1621 is a question of law and need not be submitted to the jury.

The Supreme Court has held that materiality is a question of fact for the jury. *Johnson v. United States*, 520 U.S. 461, 465-66 (1997) (in context of perjury prosecution). Accordingly, it is necessary to include materiality as an element of the offense in this instruction. *See, e.g.*, Instruction 8.66 (False Statement to Government Agency).

A statement which is literally true cannot support a conviction, even if it is misleading. *United States v. Cook*, 489 F.2d 286, 287 (9th Cir.1973). When the defendant is accused of multiple falsehoods, the jury must be unanimous on at least one of the charges in the indictment. *Vitello v. United States*, 425 F.2d 416, 423 (9th Cir.), *cert. denied*, 400 U.S. 822 (1970).

The next to last paragraph of this instruction should be given when the indictment charges that the defendant made more than one false statement. *See id. See also* Instruction 7.9 (Specific Issue Unanimity).

The last paragraph of the instruction concerning corroboration is worded to cover the case where the perjury is in the giving of testimony. Where the perjury consists of one or more false statements in a writing, such as an affidavit, it should be substituted for "testimony."

This paragraph applies to a charge of perjury in violation of 18 U.S.C. § 1621 and to a charge of subornation of perjury in violation of 18 U.S.C. § 1622. *See* Instruction 8.111 (Subornation of Perjury). In the case of a Section 1621 charge "the defendant" or the name of the defendant should be inserted. In the case of a Section 1622 charge, the name of the person alleged to have been suborned should be inserted.

A corroboration instruction is not required where a defendant is accused of violation of 18 U.S.C. § 1623. *See* Instruction 8.112 (False Declaration Before Grand Jury or Court).

Where the alleged false testimony is proved by circumstantial evidence, corroboration is not required. *Gebhard v. United States,* 422 F.2d 281, 288 (9th Cir.1970).

Corroborative evidence may be circumstantial and need not be independently sufficient to establish the falsity of the testimony. *United States v. Howard,* 445 F.2d 821, 822 (9th Cir.1971); *Arena v. United States,* 226 F.2d 227, 233 (9th Cir.1955), *cert. denied,* 350 U.S. 954 (1956).

# 8.111 SUBORNATION OF PERJURY
## (18 U.S.C. § 1622)

The defendant is charged in [Count _____ of] the indictment with subornation of perjury in violation of Section 1622 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant persuaded [*witness*] to testify falsely before [*tribunal*];

Second, [*witness*] falsely testified under oath that [*false testimony*];

Third, the false testimony was material to [*e.g.*, the matters before the court]; and

Fourth, [*witness*] knew the testimony was false.

[All of you must agree as to which statement was false.]

### Comment

*See* Comment following Instruction 8.110 (Perjury).

Regarding the final bracketed paragraph, see Instruction 8.110 (Perjury) and Instruction 7.9 (Specific Issue Unanimity).

The Supreme Court has held that materiality is a question of fact for the jury. *Johnson v. United States*, 520 U.S. 461, 465-66 (1997) (in context of perjury prosecution). Accordingly, it is necessary to include materiality as an element of the offense in this instruction.

A perjury is an essential element of this offense. *See Catrino v. United States*, 176 F.2d 884, 886–87 (9th Cir.1949). The use of "any perjury" in Section 1622 evidences a Congressional intent that subornation of perjury is committed not only by one who procures another to commit perjury in violation of 18 U.S.C. § 1621, but also by one who procures another to make a false statement in violation of 18 U.S.C. § 1623. *United States v. Gross*, 511 F.2d 910, 915-916 (3d Cir.), *cert. denied*, 423 U.S. 924 (1975).

If the suborned testimony is in violation of 18 U.S.C. § 1621, the "two-witness" or "corroboration" rule applies. *See* Instruction 8.110 (Perjury). However, corroboration is not required if the suborned testimony is in violation of 18 U.S.C. § 1623. 18 U.S.C. § 1623(e) *Gross*, 511 F.2d at 915–16.