F I L E D
Clerk
District Court

MAR -7 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08-00002 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER DENYING |
| | ) | MOTION IN LIMINE RE: |
| MD. RUHUL AMIN, | ) | MARITAL PRIVILEGE |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

Defendant has expressed his intention to avail himself of the marital testimony privilege.

The courts have recognized two distinct privileges: the "adverse spousal testimony" privilege and the "confidential marital communications" privilege.

The adverse spousal testimony (AST) privilege applies to all adverse testimony against a defendant spouse, including testimony on nonconfidential matters and matters that occurred prior to the marriage.

The AST privilege protects one spouse from being compelled to testify against the other: a married person whose spouse is a party to a proceeding has a privilege not to be called as a witness by an adverse party. The privilege belongs to the witness-spouse alone; the witness spouse may be neither compelled nor foreclosed from testifying. Trammel v. United States, 100 S.Ct. 906, 914 (1980).[1]

The confidential marital communications (CMC) privilege applies only to confidential communications between the spouses during a valid marriage.

The CMC privilege can be asserted by either spouse to prevent the other from testifying, but the privilege only extends to information privately disclosed between husband and wife in the confidence of the marital privilege; the privilege does not extend to pre-marital communications. See e.g., Garcia-Jaramilla v. INS, 604 F.2d 1236 (9th Cir. 1979). Application of this privilege for post-marriage communications depends upon the existence of a valid marriage, as determined by applicable state law, at the time the communication was made.[2] United States v. Lustig, 555 F.2d 737, 747 (9th Cir. 1977). The CMC privilege will not apply to protect communications made

---

[1] In the context of the AST privilege, the U.S. Supreme Court has held that it does not apply to spouses who only married for the fraudulent purpose of bringing alien spouses into the country under the War Brides' Act. Lutwak v. United States, 73 S.Ct. 481 (1953).

[2] See "Order Denying Motion to Dismiss," entered this date, for discussion of "applicable state law."

after the spouses have separated. United States v. Roberson, 859 F.2d 1376, 1381 (9th Cir. 1988).

Also, CMC communications are not protected if they pertain to the spouses' joint criminal activity, under the rationale that greater public good will result from permitting the spouse of an accused to testify willingly concerning their joint criminal activities than would come from permitting the accused to erect a roadblock against the search for truth. United States v. Vo, 413 F.3d 1010, 1017 (9th Cir. 2005); United States v. Marashi, 913 F.2d724, 730 (9th Cir. 1990).

In conclusion, the AST privilege is held by the witness-spouse, and the putative spouse may testify if she chooses to. The CMC privilege will not apply to pre-marital communications or where there is joint criminal activity. Any other invocation of the privilege which may arise during trial will be addressed at that time.

DATED this 7th day of March, 2008.

                                                ALEX R. MUNSON
                                                    Judge