FILED
Clerk
District Court

MAR -7 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff  )<br>  )<br>v.  )<br>  )<br>MD. RUHUL AMIN,  )<br>  )<br>Defendant  )<br>_____ ) | Criminal No. 08-00002<br><br>ORDER DENYING<br>MOTION TO DISMISS<br>INDICTMENT |

Late yesterday, defendant moved to dismiss the indictment. The court received the motion this morning prior to 8:00 a.m. and the Assistant U.S. Attorney received it prior to the 10:30 a.m hearing. At the hearing, plaintiff appeared by and through Assistant U.S. Attorney Eric S. O'Malley; defendant appeared personally and through counsel, Colin M. Thompson (by telephone). Defendant also had an interpreter present with him in court and the interpreter had been sworn.

AO 72
(Rev. 08/82)

Because the Assistant U.S. Attorney indicated his willingness to argue the motion without having the opportunity to submit a written response in the short time before Monday's trial, the court entertained argument from both parties and now rules on defendant's motion to dismiss the indictment.

The essence of defendant's argument is that plaintiff cannot successfully "bootstrap" to its passport fraud claim by relying on an underlying allegedly fraudulent marriage, because defendant's marriage met the facial requirements for a "valid" marriage under Commonwealth law. That is, because defendant's marriage met the facial requirements for a valid marriage under Commonwealth law, defendant did not make, and could not have made as a matter of law, any false statements about the validity of his marriage when he applied for his U.S. passport. Thus, according to defendant, the indictment must be dismissed.

In support of his argument, defendant offers two trial court decisions from the Commonwealth Superior Court. The court has read both decisions, which use almost identical language in deciding that the defendants in those cases did not violate a specific Commonwealth immigration statute when they submitted facially valid marriage licenses in support of their respective applications for "immediate relative" status entry permits.

This court looks almost exclusively only to the decisions of the Commonwealth Supreme Court for guidance on questions of Commonwealth law. Further, the court is unfamiliar with all the facts that underlay both these trial court decisions, and so it would be difficult to rely on them in the context of the facts presently before this court.[1] The court also notes that 3 N.Mar.I. § 4363(e) makes it a crime for any person to enter into a marriage "for the purpose of...procuring or attempting to procure the naturalization of any persons[.]," so evidence that the facially valid marriage was in fact fraudulent seems highly relevant and probative. Finally, the Commonwealth's application of its own laws and court decisions to its own immigration statutes is a far different matter than applying Commonwealth law to an alleged violation of federal law.

In conclusion, defendant's motion to dismiss the indictment is denied. However, defendant may present a jury instruction containing the requisites for a technically valid Commonwealth marriage and plaintiff may present a jury instruction relating to 3 N.Mar.I. § 4363(e). The parties shall meet and confer, as previously ordered, to see if they can agree on the language in their respective jury instructions,

---

[1] Both matters were decided on pretrial motions. In language this court finds relevant to the instant matter, the Commonwealth Superior Court stated, "The Government fails to proffer any evidence showing that Defendants did not lawfully marry and thus, forged or falsified their marriage licenses, or made false statements concerning their marriage to one another." This court believes that here the plaintiff has offered evidence showing that defendants did not marry.

3

as well as plaintiff's proposed instructions 20 and 21. If they cannot agree, they shall meet with the court in chambers at 7:30 a.m., Monday, March 11, 2008. If they can agree, they shall notify the court and have the agreed-upon instructions available to the court by 8:00 a.m. Monday for its review. The parties need not be present in this latter circumstance.

IT IS SO ORDERED.

DATED this 7th day of March, 2008.

_____
ALEX R. MUNSON
Judge