UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS


CR- 08-00002-001                                                              July 21, 2008
                                                                              8:10 a.m.


**UNITED STATES OF AMERICA -v- MOHAMAD RUHUL AMIN**

PRESENT:   HON. ALEX R. MUNSON, Chief Judge Presiding
           SANAE SHMULL, Court Reporter
           K. LYNN LEMIEUX, Courtroom Deputy
           ERIC O'MALLEY, Assistant U. S. Attorney
           COLIN THOMPSON, Counsel for Defendant
           MOHAMAD RUHUL AMIN, Defendant


PROCEEDING:   SENTENCING

Defendant was present with his court appointed counsel, Attorney Colin Thompson. Government by Eric O'Malley, Assistant U.S. Attorney. Also present was U.S. Probation Officer, Margarita Wonenberg.

Rabbie Sayed was present and sworn as interpreter/translator of the Bengali language.

Defendant, through his counsel, moved for a continuance of the sentencing because he felt it was necessary to confirm the allegations of misconduct that were reported by the police department. Court denied the motion.

Court adopted the presentence investigation report, and the addendum, and instructed the Clerk to file the report, under seal, and that the report, and the addendum, be made available if the judgment is appealed. The probation officer's recommendation shall also be placed under seal. Defense reserved the right to object to the report on appeal.

Government moved for a sentence of 18 months followed by supervised release.

Attorney Thompson moved for a sentence of time served.

Defendant gave his elocution.

SENTENCE: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant **MOHAMAD RUHUL AMIN** is hereby sentenced to **18 months imprisonment** on each of Counts I, II, and III, under the custody of the Bureau of Prisons with credit for time served. The terms are to be served concurrently. Upon release from imprisonment, the defendant is ordered to serve a term of supervised release of **three years** on each of Counts I, II, and III (served concurrently) which will include the following conditions:

1. That the defendant shall be turned over to a duly authorized immigration official for deportation proceedings pursuant to 18 U.S.C. §3583(d), and with the established procedures provided by the Immigration and Naturalization Act under 8 U.S.C. § 1101. As a further condition of supervised release, if ordered deported, the defendant shall remain outside and shall not re-enter the United States without the permission of the Attorney General. If deportation fails to occur and the defendant is pending further immigration proceedings, he shall immediately report to the U.S. Probation Office to begin his term of supervised release;

2. That the defendant shall not commit any federal, state, and local crimes;

3. That the defendant shall comply with the standard conditions of supervised release as set forth by this court;

4. That the defendant shall submit to the collection of a DNA sample at the direction of the U.S. Probation Office;

5. That the defendant shall not possess a firearm or other dangerous weapon or have such weapon at his residence;

6. That the defendant shall not use or possess illegal controlled substances and shall submit to one (1) urinalysis test within 15 days of release from incarceration; and, two urinalysis tests thereafter, not to exceed eight drug tests a month;

7. That the defendant shall participate in a mental health program approved by the United States probation office for anger management and family violence. It is further recommended that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office; and

8. That the defendant shall perform 50 hours of community service as approved by the U.S. Probation Office.

Pursuant to §5E1.2(f) of the guidelines, all fines are waived since it has been determined that the defendant does not have the ability to pay.

It is further ordered that the defendant pay to the United States a special assessment fee of $300 to be paid immediately after sentencing.

Defendant was advised that he had previously waived his right to appeal the sentence in this case but that if he or his attorney find any other reason in which to

appeal that he had ten days in which to do so. Further, the defendant was advised of his right to an attorney for appeal and that the Court will appoint an attorney if he could not afford one.

Defendant was remanded into the custody of the U.S. Marshal.

Adj. 9:15 a.m.

/s/ K. Lynn Lemieux, Courtroom Deputy