# United States District Court
## District of the Northern Mariana Islands

F I L E D
Clerk
District Court

JUL 29 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | **NOTICE OF APPEAL** |
| ) | |
| -v- ) | D.C. DOCKET NUMBER: |
| ) | |
| MOHAMAD RUHUL AMIN , ) | HON. ALEX R. MUNSON |
| Defendant, ) | (District Court Judge) |

Notice is hereby given that  Mohamad Ruhul Amin  appeals to the United States Court of Appeals for the Ninth Circuit from the:

- ☐ Conviction only (Fed. R. Crim P. 32(b)
- ☒ Conviction and sentence
- ☐ Sentence only (18 U.S.C. Sec. 3742)
- ☒ Order (specify) Order Denying Motion to Dismiss Indictment

entered on this action on  March 7, 2008 .
(date)

Sentence imposed:  18 months for each of Counts I, II and III (to be served concurrently).

Bail status:  No Bail.

COLIN M. THOMPSON, ESQ.
(Counsel for Appellant)

Date: July 29, 2008

Address: Thompson Law Office, LLC
PMB 917, Box 10001
Saipan, MP 96950

Phone number: (670) 233-0777    Fax number: (670) 233-0776

Name of Court Reporter: Sanae Shmull

Transcript required:    Yes ☒    No ☐
If "Yes", date ordered or to be ordered  July 31, 2008  (including arrangements for payment with court reporter)

[If transcript required, complete Transcript Order Form CA9-036, contact court reporter immediately to make arrangements for transcription].
[CA9-88-1NOA]

F I L E D
Clerk
District Court

MAR -7 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 08-00002 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | ORDER DENYING |
| ) | MOTION TO DISMISS |
| MD. RUHUL AMIN, ) | INDICTMENT |
| ) | |
| Defendant ) | |

Late yesterday, defendant moved to dismiss the indictment. The court received the motion this morning prior to 8:00 a.m. and the Assistant U.S. Attorney received it prior to the 10:30 a.m hearing. At the hearing, plaintiff appeared by and through Assistant U.S. Attorney Eric S. O'Malley; defendant appeared personally and through counsel, Colin M. Thompson (by telephone). Defendant also had an interpreter present with him in court and the interpreter had been sworn.

AO 72
(Rev. 08/82)

Because the Assistant U.S. Attorney indicated his willingness to argue the motion without having the opportunity to submit a written response in the short time before Monday's trial, the court entertained argument from both parties and now rules on defendant's motion to dismiss the indictment.

The essence of defendant's argument is that plaintiff cannot successfully "bootstrap" to its passport fraud claim by relying on an underlying allegedly fraudulent marriage, because defendant's marriage met the facial requirements for a "valid" marriage under Commonwealth law. That is, because defendant's marriage met the facial requirements for a valid marriage under Commonwealth law, defendant did not make, and could not have made as a matter of law, any false statements about the validity of his marriage when he applied for his U.S. passport. Thus, according to defendant, the indictment must be dismissed.

In support of his argument, defendant offers two trial court decisions from the Commonwealth Superior Court. The court has read both decisions, which use almost identical language in deciding that the defendants in those cases did not violate a specific Commonwealth immigration statute when they submitted facially valid marriage licenses in support of their respective applications for "immediate relative" status entry permits.

This court looks almost exclusively only to the decisions of the Commonwealth Supreme Court for guidance on questions of Commonwealth law. Further, the court is unfamiliar with all the facts that underlay both these trial court decisions, and so it would be difficult to rely on them in the context of the facts presently before this court.[1] The court also notes that 3 N.Mar.I. § 4363(e) makes it a crime for any person to enter into a marriage "for the purpose of...procuring or attempting to procure the naturalization of any persons[.]," so evidence that the facially valid marriage was in fact fraudulent seems highly relevant and probative. Finally, the Commonwealth's application of its own laws and court decisions to its own immigration statutes is a far different matter than applying Commonwealth law to an alleged violation of federal law.

In conclusion, defendant's motion to dismiss the indictment is denied. However, defendant may present a jury instruction containing the requisites for a technically valid Commonwealth marriage and plaintiff may present a jury instruction relating to 3 N.Mar.I. § 4363(e). The parties shall meet and confer, as previously ordered, to see if they can agree on the language in their respective jury instructions,

---

[1] Both matters were decided on pretrial motions. In language this court finds relevant to the instant matter, the Commonwealth Superior Court stated, "The Government fails to proffer any evidence showing that Defendants did not lawfully marry and thus, forged or falsified their marriage licenses, or made false statements concerning their marriage to one another." This court believes that here the plaintiff has offered evidence showing that defendants did not marry.

as well as plaintiff's proposed instructions 20 and 21. If they cannot agree, they shall meet with the court in chambers at 7:30 a.m., Monday, March 11, 2008. If they can agree, they shall notify the court and have the agreed-upon instructions available to the court by 8:00 a.m. Monday for its review. The parties need not be present in this latter circumstance.

IT IS SO ORDERED.

DATED this 7th day of March, 2008.

*/s/ Alex R. Munson*
ALEX R. MUNSON
Judge

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of     Northern Mariana Islands

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| MOHAMAD RUHUL AMIN | Case Number: CR-08-00002-001 |
| | USM Number: |
| | Colin Thompson, Esq. |
| | Defendant's Attorney |

FILED
Clerk
District Court

JUL 21 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
 which was accepted by the court.

☒ was found guilty on count(s)    I, II, and III
 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §371 | Conspiracy to Defraud the United States | | I |
| 18 USC §§1542, 2 | Making a False Statement in Application for Passport | | II |
| 18 USC §1622 | Subornation of Perjury | | III |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/21/2008
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Hon. Alex R. Munson      Chief Judge
Name of Judge      Title of Judge

7-21-08
Date

Case 1:08-cr-00002  Document 47  Filed 07/21/2008  Page 2 of 7
Case 1:08-cr-00002  Document 48  Filed 07/29/2008  Page 7 of 12

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: MOHAMAD RUHUL AMIN
CASE NUMBER: CR-08-00002-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

18 months for each of Counts I, II, and III (to be served concurrently).

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 1:08-cr-00002  Document 47  Filed 07/21/2008  Page 3 of 7
Case 1:08-cr-00002  Document 48  Filed 07/29/2008  Page 8 of 12

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page  3  of  7

DEFENDANT: MOHAMAD RUHUL AMIN
CASE NUMBER: CR-08-00002-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:08-cr-00002 Document 47 Filed 07/21/2008 Page 4 of 7
Case 1:08-cr-00002 Document 48 Filed 07/29/2008 Page 9 of 12

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

DEFENDANT: MOHAMAD RUHUL AMIN
CASE NUMBER: CR-08-00002-001

Judgment—Page 4 of 7

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall be turned over to a duly authorized immigration official for deportation proceedings pursuant to 18 U.S.C. §3583(d), and with the established procedures provided by the Immigration and Naturalization Act under 8 U.S.C. § 1101. As a further condition of supervised release, if ordered deported, the defendant shall remain outside and shall not re-enter the United States without the permission of the Attorney General. If deportation fails to occur and the defendant is pending further immigration proceedings, he shall immediately report to the U.S. Probation Office to begin his term of supervised release;

2. That the defendant shall not commit any federal, state, and local crimes;

3. That the defendant shall comply with the standard conditions of supervised release as set forth by this court;

4. That the defendant shall submit to the collection of a DNA sample at the direction of the U.S. Probation Office;

5. That the defendant shall not possess a firearm or other dangerous weawpon or have such weapons at his residence;

6. That the defendant shall not use or possess illegal controlled substances and shall submit to one (1) urinalysis test within 15 days of release from imprisonment; and, two urinalysis tests thereafter, not to exceed eight drug tests a month;

7. That the defendant shall participate in a mental health program approved by the United States probation office for anger management and family violence. It is further recommended that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office; and

8. That the defendant shall perform 50 hours of community service as approved by the U.S. Probation Office.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Case 1:08-cr-00002   Document 47   Filed 07/21/2008   Page 5 of 7
Case 1:08-cr-00002   Document 48   Filed 07/29/2008   Page 10 of 12

Judgment — Page 5 of 7

DEFENDANT: MOHAMAD RUHUL AMIN
CASE NUMBER: CR-08-00002-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 300.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Case 1:08-cr-00002  Document 47  Filed 07/21/2008  Page 6 of 7
Case 1:08-cr-00002  Document 48  Filed 07/29/2008  Page 11 of 12

Judgment — Page 6 of 7

DEFENDANT: MOHAMAD RUHUL AMIN
CASE NUMBER: CR-08-00002-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☑  Lump sum payment of $ __300.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons

Case 1:08-cr-00002   Document 47   Filed 07/21/2008   Page 7 of 7
Case 1:08-cr-00002   Document 48   Filed 07/29/2008   Page 12 of 12

DEFENDANT: MOHAMAD RUHUL AMIN
CASE NUMBER: CR-08-00002-001
DISTRICT: Northern Mariana Islands

# STATEMENT OF REASONS
(Not for Public Disclosure)

