Colin M. Thompson, Esq.
THOMPSON LAW OFFICE, LLC
J.E. Tenorio Building
PMB 917 P.O. Box 10001
Saipan, Mariana Islands  96950
Telephone: (670) 233-0777
Facsimile: (670) 233 0776

*Attorney for Defendant, Mohamad Ruhul Amin*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              **Plaintiffs,**<br><br>     **v.**<br><br>**MOHAMAD RUHUL AMIN,**<br><br>                              **Defendant.** | **CASE NO. CR-08-0002-ARM**<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR RELEASE PENDING RESOLUTION OF APPEAL** |

**COMES NOW**, defendant Mohamad Ruhul Amin, by and through his counsel Colin M. Thompson, to move this Court for release of the defendant pending resolution of his appeal pursuant to Fed. R. App. P. 9(b) and 18 U.S.C. §§ 3141(b) and 3143(b). Mr. Amin is not likely to flee or pose a danger to the community. Further, Mr. Amin's appeal is not for purposes of delay and raises a substantial questions of law, which are likely to result in reversal of Mr. Amin's conviction. Accordingly, Mr. Amin respectfully asks this Court to grant his request for release pending his appeal.

## I. FACTS

On January 1, 2008, a federal grand jury in the United States District Court for the Northern Mariana Islands returned a three count indictment against Mr. Amin. On January 22, 2008, the Government filed a three count superceding indictment. Count One alleged that Mr. Amin conspired

to defraud the United States by submitting an application for a United States passport knowing that the application contained a false and fraudulent information in violation of 18 U.S.C. § 371. Count Two alleged that Mr. Amin knowingly made a false statement in an application for a passport. Count Three alleged that Mr. Amin suborned perjury.

On January 23, 2008, Mr. Amin appeared in Court for his arraignment. (January 23, 2008 Minute Order). During proceedings the Government moved that the defendant continue to be held without bail due to flight risk. *Id.* Defendant deferred stating that he would come before the Court regarding bail at a later date. *Id.* The Court granted the Government's motion to not set bail at this time without prejudice. *Id.*

On March 6, 2008, the defendant filed an opposition to the Government's proposed jury instructions and a motion to dismiss the indictment. Defendant argued that the Government cannot successfully "bootstrap" to its passport fraud claim by relying on an underlying allegedly fraudulent marriage because defendant's marriage met the facial requirements for a "valid" marriage under Commonwealth law. The Court heard argument on the matter the next day and subsequently issued a written order denying defendant's motion. (March 7, 2008 Order Denying Motion to Dismiss).

Trial commenced in this case on March 10, 2008. The trial ended on March 12, 2008 with the jury finding Mr. Amin guilty of all three Counts. On July 21, 2008, the Court sentenced Mr. Amin to a term of eighteen months imprisonment for each Count (to be served concurrently) with an additional three years of supervised release. The Court remanded the defendant to the custody of the United States Marshal. Mr. Amin timely filed his notice of appeal on July 29, 2008.

## II. <u>LAW AND ARGUMENT</u>

**A.     Mr. Amin Meets All The Necessary And Relevant Criteria For Release Pending Resolution Of His Appeal**

Before granting a motion for release pending appeal, the Court must find by clear and convincing evidence that the defendant "is not likely to flee or pose a danger to the safety of any person or of the community if released." 18 U.S.C. § 3143(b)(1)(A). This Court must also find that the defendant's appeal is "not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal." 18 U.S.C. § 3143(b)(1)(B)(i). See *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985)(setting forth criteria needed to grant release pending appeal). The facts of this case clearly meet the criteria required under 18 U.S.C. § 3143(b) and *Handy*.

### 1.     Mr. Amin Is Not Likely To Flee Or Pose A Danger To The Community

Here, there is little or no likelihood that Mr. Amin, if released pending appeal, would flee the jurisdiction. Although Mr. Amin is citizen of Bangladesh, he has substantial ties to the community. Mr. Amin has lived here for a how many of years and has established himself in the community. He has two young children on Saipan from his prior marriage and is very interested in maintaining contact with them and helping raise them while his appeal is pending. Also, Mr. Amin simply does not want to go back to Bangladesh and is confident that his conviction will be reversed on appeal. Because of this confidence in his ultimate vindication, his children and his ties to the community, he has no desire or incentive to flee the jurisdiction.

Additionally, Mr. Amin's passport is being held by the United States Marshall's Office. Mr. Amin cannot travel without a passport. Further, other conditions, such as electronic monitoring, would provide additional security and assurance that Mr. Amin would remain in the jurisdiction pending appeal.

3

Mr. Amin is clearly would not pose a danger to the safety of any person or of the community if released. None of the charges for which he was convicted of were crimes involving violence, guns or drugs. Also, Mr. Amin's conviction does not demonstrate that he is the type of person who could prey on innocent members of the public such as a "con man" or cause any economic harm. Danger may, at least in some cases, encompass pecuniary or economic harm. See *United States v. Reynolds*, 956 F.2d 192 (9th Cir. Cal. 1992)(stating that danger may encompass pecuniary or economic harm.) Further, the charged conduct was not directed at any specific individual. Accordingly, Mr. Amin presents clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any person or of the community if released.

2.     **Defendant's Appeal Is Not For The Purpose Of Delay And Raises A Substantial Question Of Law Or Fact Likely To Result In Reversal**

Neither Mr. Amin's appeal nor this motion is for purposes of delay. The issues that will be presented before the Ninth Circuit Court of Appeals are of substantial merit and defendant believes his conviction will be overturned.

3.     **Defendant's Appeal Raises A Substantial Question Of Law Or Fact Likely To Result In Reversal**

The Ninth Circuit Court of Appeals in *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985), interpreted the meaning of the phrase "substantial question of law or fact likely to result in reversal or in an order for a new trial." In *Handy*, the Ninth Circuit rejected the government's contention that the term "substantial" "limits bail pending appeal to defendants who can demonstrate that they will probably prevail on appeal." *Id.* Instead, the Ninth Circuit held that the term "'substantial' defines the level of merit required in the question presented, and 'likely to result in reversal or an order for a new trial' defines the type of question that must be presented." *Id.* at 1280.

4

The phrase does not require the trial court to find that its prior ruling is erroneous as such an interpretation would make a mockery of the rule. *Id.* at 1281.

After the Ninth Circuit defined the term "substantial," it then examined the "closely related issue of how much merit there must be to a question in order for a court to find it to be a 'substantial question.'" *Id.* After a thorough analysis, the Court interpreted the meaning of the phrase "substantial question" as "one that is 'fairly debatable,' or 'fairly doubtful.'" In short, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." Id. at 1283 (citations omitted). Accordingly, assuming all other criteria is satisfied, a stay should be granted if the question presented in appeal is not meritless and is fairly debatable.

The question defendant presents in his appeal is plainly not meritless and is fairly debatable. The main question defendant presents is the same question that the defendant advanced in his motion to dismiss the indictment: Whether the Government can graft marriage fraud onto 18 U.S.C. § 1542 and the other charges, when the language of those provisions does not facially encompass that conduct, and the defendant has entered into a valid marriage under Commonwealth law. Defendant argues that the Government and the Court cannot "bootstrap" a marriage fraud charge onto 18 U.S.C. § 1542 or "look behind" the facially true statement on the passport application to determine that the statement is false. See *United States v. Moses*, 94 F.3d 182, 188-189 (5th Cir. 1996)(overturning a conviction under 18 U.S.C. § 1001 stating that because the statement of the defendant was not false on its face, the evidence was insufficient to support conviction).

As the Government itself noted, this case presented "certain issues of first impression and legal questions that are unique because of the Commonwealth's relationship to the United States." (Government's Memorandum of Law in Support of Proposed Jury Instruction at 1-2). Due to the unique nature of the charges, the vacuum of precedent supporting the Government's position, and

the potency of defendant's contrary argument, there is a strong chance that the Court of Appeals will hold to the contrary of the Government's position. So holding, the Court of Appeals will reverse the convictions and remand to this Court to dismiss the indictment.

## III. CONCLUSION

The questions presented in the appeal are "of more substance than would be necessary to a finding that the appeal was not frivolous." *Handy*, 761 F.2d at 1283 (citations omitted). Moreover, the substantial issue that will be presented in Mr. Amin's appeal may result in reversal if the Court of Appeals finds his argument persuasive.

The very reason a release is available is to prevent the most egregious type of incurable prejudice to defendant, the loss of freedom. Mr. Amin's sentence of imprisonment is only eighteen (18) months long. He has already served eight months of that sentence. Should he not be released pending appeal, there is a strong chance that he will have served his sentence by the time his appeal is decided. If he should win on appeal, and there is a strong chance that he will win, no one can give him back his lost freedom.

> The statutes of the United States have been framed upon the theory that a person accused of a crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo imprisonment or punishment, but may be admitted to bail, not only after arrest and before trial, but after conviction and pending a writ of error.

*United States v. Galanis*, 695 F. Supp. 1565, 1567 (S.D.N.Y. 1988)(quoting *Hudson v. Parker*, 156 U.S. 277, 284, 39 L. Ed. 424, 15 S. Ct. 450 (1895)).

It is clear that Mr. Amin presents no danger to the community, nor does he present a risk of flight which would deprive the Government of its opportunity to punish the defendant if he is indeed unsuccessful on appeal. Moreover, Mr. Amin has established that the issues in the appeal have

merit, the type of which may result in reversal or a new trial. Mr. Amin should be released on the chance that he wins on appeal.


DATED this 19<u>th</u> day of August 2008.


                                                    _____/s/_____
                                                    **COLIN M. THOMPSON**
                                                    Thompson Law Office, LLC