LEONARDO M. RAPADAS
United States Attorney
ERIC S. O'MALLEY
Assistant United States Attorney
DISTRICT OF THE NORTHERN
   MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone:  (670) 236-2980
Fax:        (670) 236-2985

Attorneys for United States of America

UNITED STATES DISTRICT COURT
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>                              )<br>         Plaintiff,  )<br>                        )<br>    v.                 )<br>                        )<br>                        )<br>AMIN, MOHAMAD RUHUL,  )<br>                        )<br>        Defendant.  ) | Criminal Case No. 08-00002<br><br>GOVERNMENT'S RESPONSE TO<br>DEFENDANT'S MOTION FOR RELEASE<br>PENDING RESOLUTION OF APPEAL<br><br>Date: August 26, 2008<br>Time: 8:00 a.m.<br>Judge: Hon. Alex R. Munson |

     COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Leonardo M. Rapadas, United States Attorney, and Eric S. O'Malley, Assistant United States Attorney, and hereby files this response to Mohamad Ruhul Amin's (the "Defendant") Motion for Release Pending Resolution of Appeal.

### I. ARGUMENT

     Although the government disagrees that the Court of Appeals will likely overturn the decisions of the trial court, it nonetheless concedes that this case has presented substantial questions of law—questions worthy of review. United States v. Handy, 761 F.2d 1279, 1280 (9th Cir. 1985). Moreover, should the appellate court rule in the Defendant's favor, it is likely that the decision would result in a reversal of the Defendant's conviction.

A defendant seeking release pending resolution of appeal must also prove by clear and convincing evidence that he is not likely to flee and poses no danger to other persons or the community. 18 U.S.C. § 3143(b)(1)(A). The government believes that the primary incentive for the Defendant, a citizen of Bangladesh, to challenge his conviction is to prevent his deportation and exclusion from the United States. Should he flee this jurisdiction upon his release, it would likely have the same effect as deportation. The Defendant also has two daughters residing in the jurisdiction, and therefore his incentive is to stay, not go. While there is risk of the Defendant going underground, this risk may be attenuated by monitoring of the Office of Probation, and/or supervision by a third-party custodian.

The government is more concerned with regard to the potential danger to persons in the community, specifically, the Defendant's ex-wife Carmelita Guiao. The government notes at least ten instances where the Defendant was charged with assault and battery by the CNMI Department of Public Safety, all based on episodes with Ms. Guiao. The charges against the Defendant were ultimately dismissed, but the extensive history and gravity of the charges are causes for concern. The government respectfully submits that the Defendant's Memorandum in Support of Motion for Release Pending Resolution of Appeal does not, standing alone, provide clear and convincing evidence that he will pose no threat to Carmelita Guiao.

## II. CONCLUSION

For the reasons stated above, the Court should deny the Defendant's motion.


Dated: August 22, 2008

        Respectfully submitted,

        LEONARDO M. RAPADAS
        United States Attorney
        Districts of Guam and the NMI


    By: */s/ Eric S. O'Malley*
        ERIC S. O'MALLEY
        Assistant United States Attorney